1

2

3

4

5

6

7

8                              IN THE UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DAVID WAYNE JOHNSON,

11          Petitioner,                            No. CIV S-10-1568 KJM DAD P

12          vs.

13   SWARTHOUT, Warden,

14          Respondent.                            FINDINGS AND RECOMMENDATIONS

15   _____/

16          Petitioner, a state prisoner proceeding pro se, has filed an amended petition for

17   writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a prison disciplinary conviction.

18   On September 16, 2010, the undersigned ordered respondent to file and serve a response to the

19   petition.  On November 15, 2010, respondent filed the pending motion to dismiss, arguing that

20   petitioner's amended petition fails to state a cognizable claim because the challenged prison

21   disciplinary conviction does not affect the legality or duration of petitioner's confinement.

22   Petitioner has filed an opposition to the motion, and respondent has filed a reply.

23                                      **BACKGROUND**

24          In January 2008, prison officials charged petitioner with a disciplinary violation

25   for engaging in "conduct which could lead to violence."  According to the rules violation report,

26   petitioner asked a fellow inmate for some ice and he told petitioner to come back later.  The two

1

1   started arguing and petitioner pushed the other prisoner down onto the floor.  At petitioner's

2   disciplinary hearing, prison officials found him guilty of the charge and assessed him thirty days

3   loss of time credits.  Petitioner successfully challenged the disciplinary conviction through an

4   administrative appeal.  Thereafter, prison officials vacated the conviction and reissued and

5   reheard the charge.  In April 2009, prison officials found petitioner guilty of the disciplinary

6   charge once more, but they dismissed the rules violation and instead reported petitioner's

7   misconduct in an administrative counseling chrono with no loss of credits.  (Am. Pet. at 12.1.-

8   12.3 & Exs. A-D, Resp't's Mot. to Dismiss Ex. 1.)

9                                **RESPONDENT'S MOTION TO DISMISS**

10  I.  Respondent's Motion

11           Respondent moves to dismiss the pending habeas petition, arguing that petitioner

12  has failed to state a cognizable claim.  Specifically, respondent argues that petitioner has not

13  forfeited any time credits as a result of the challenged disciplinary action and therefore cannot

14  show that expunging the disciplinary conviction from his record is likely to accelerate his

15  eligibility for parole.  Moreover, respondent argues that any contention by petitioner that a

16  disciplinary conviction could be detrimental to him at future parole hearings is too speculative to

17  serve as the basis for federal habeas corpus relief.  (Resp't's Mot. to Dismiss at 3.)

18  II.  Petitioner's Opposition

19           In opposition to respondent's motion to dismiss, petitioner argues that his prison

20  disciplinary conviction has affected the duration of his confinement.  Specifically, petitioner

21  contends that in June 2010, he appeared before the Board of Parole Hearings ("Board").

22  According to petitioner, the District Attorney sent a letter to the Board that relied on the same

23  disciplinary conviction(s) at issue here to persuade the Board that petitioner was unsuitable for

24  release on parole.  (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 2 & Ex. 1.)

25  /////

26  /////

1  III.  Respondent's Reply

2          In reply, respondent argues that the District Attorney's letter cited by petitioner is

3  not evidence that the disciplinary conviction at issue in this case was, or will ever be, detrimental

4  to any parole suitability determination in his case.  In respondent's view, the District Attorney's

5  letter supports the position that any claim of detriment stemming from this disciplinary

6  conviction is speculative.  Respondent argues that the District Attorney's letter listed numerous

7  factors indicating petitioner's unsuitability for parole, including eighteen other prison

8  disciplinary convictions, fourteen administrative counseling chronos, tentative parole plans, an

9  unfavorable psychological evaluation, petitioner's need for more substance abuse treatment and

10  self-help, his need to develop coping skills, his alleged lack of insight, and the nature of his

11  commitment offense.  Respondent concludes that because petitioner has not shown that the

12  challenged disciplinary conviction resulted in a loss of time credits or that its expungement

13  would otherwise accelerate his release fro prison, he has provided no basis for the granting of

14  federal habeas relief.  (Resp't's Reply at 1-2.)

15                                                    **ANALYSIS**

16          A writ of habeas corpus is the appropriate federal remedy when "a state prisoner is

17  challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a

18  determination that he is entitled to an immediate or speedier release from that imprisonment."

19  Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  "Habeas corpus jurisdiction also exists when a

20  petitioner seeks expungement of a disciplinary finding from his record if expungement is likely

21  to accelerate the prisoner's eligibility for parole."  Bostic v. Carlson, 884 F.2d 1267, 1269 (9th

22  Cir. 1989).  See also Docken v. Chase, 393 F.3d 1024, 1031 (9th Cir. 2004) ("[W]e understand

23  Bostic's use of the term 'likely' to identify claims with a sufficient nexus to the length of

24  imprisonment so as to implicate, but not fall squarely within, the 'core' challenges identified by

25  the Preiser Court.")

26  /////

3

1        In the court's experience, a prison disciplinary conviction can and oftentimes does

2    affect the Board's parole suitability determination.  Pursuant to 15 Cal. Code Regs. § 2402(a), a

3    prisoner that "will pose an unreasonable risk of danger to society if released from prison" is not

4    suitable for release from prison, regardless of the amount of time served.  In considering a

5    prisoner's suitability for parole, the Board is required to consider "all relevant, reliable

6    information available," including "behavior before, during, and after the crime."  Id. § 2402(b).

7    The circumstances tending to show unsuitability include whether "[t]he prisoner has engaged in

8    serious misconduct in prison or jail."  Id. § 2402(c)(6).  Likewise, institutional behavior is given

9    additional consideration among the circumstances tending to show suitability for parole because

10   "[i]nstitutional activities indicate an enhanced ability to function within the law upon release."

11   Id. § 2402(d)(9).  The unsuitability and suitability factors are "set forth as general guidelines" for

12   the parole board to consider.  Id. § 2402(c), (d).

13       Under the circumstances of this case, the undersigned cannot accept respondent's

14   contention that petitioner's due process claims in connection with his prison disciplinary

15   conviction do not pose a proper challenge to the fact or duration of his confinement.  This court

16   has reviewed numerous transcripts from California parole hearings at which the Board denies

17   inmates parole due, at least in part, to the presence of one or more prison disciplinary

18   convictions.  Moreover, in denying parole the Board consistently advises inmates to become or

19   remain disciplinary free pending their next parole hearing.

20       Here, petitioner's disciplinary conviction (as well as his underlying misconduct) is

21   the type of relevant information that section 2402(b) requires the Board to consider because it

22   reflects on a prisoner's behavior "after the crime" and is a possible indicator that the prisoner is

23   unable or unwilling to comply with society's rules.  In this regard, expungement of petitioner's

24   disciplinary conviction, if warranted, is both "likely" to accelerate his eligibility for parole,"

25   Bostic, 884 F.2d at 1269, and "could potentially affect the duration of [his] confinement."

26   Docken, 393 F.3d at 1031.  See also Hardney v. Carey, No. CIV S-06-0300 LKK EFB, 2011 WL

4

1   1302147 at *5-8 (E.D. Cal. Mar. 31, 2011) (finding petitioner stated a cognizable claim for

2   habeas corpus relief even though prison officials did not assess him a loss of time credits because

3   expungement of a disciplinary conviction is likely to accelerate his eligibility for parole); Murphy

4   v. Dep't of Corrs. & Rehabilitation, No. C 06-4956 MHP, 2008 WL 111226 at *7 (N.D.Cal. Jan.

5   9, 2008) (habeas corpus jurisdiction is proper over challenge to disciplinary guilty finding

6   because "[a]s a matter of law, it is well established that a disciplinary violation may affect the

7   duration of an inmate's confinement."); Drake v. Felker, S-07-0577 JKS, 2007 WL 4404432 at

8   *2 (E.D. Cal. Dec. 13, 2007) (habeas corpus jurisdiction found to exist over a challenge to a

9   disciplinary decision because "a negative disciplinary finding, at least in California, necessarily

10  affects potential eligibility for parole"); Dutra v. Dep't of Corrs. & Rehabilitation, No. C 06-0323

11  MHP, 2007 WL 3306638 at *6 (N.D. Cal. Nov. 6, 2007) (claim seeking expungement of

12  disciplinary conviction cognizable on habeas review because "convictions secured for

13  disciplinary violations in such a proceeding may be a factor in an inmate's parole consideration

14  hearing").

## CONCLUSION

15

16          Accordingly, IT IS HEREBY RECOMMENDED that:

17          1.  Respondent's November 15, 2010 motion to dismiss (Doc. No. 13) be denied;

18  and

19          2.  Respondent be directed to file an answer to petitioner's amended petition

20  within sixty days.  See Rule 4, Fed. R. Governing § 2254 Cases.  The answer shall be

21  accompanied by all transcripts and other documents relevant to the issues presented in the

22  petition.  See Rule 5, Fed. R. Governing § 2254 Cases.

23          These findings and recommendations are submitted to the United States District

24  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

25  one days after being served with these findings and recommendations, any party may file written

26  objections with the court and serve a copy on all parties.  Such a document should be captioned

1  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

2  shall be served and filed within seven days after service of the objections.  The parties are

3  advised that failure to file objections within the specified time may waive the right to appeal the

4  District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

5  DATED: April 21, 2011.

6

7  _____

DALE A. DROZD

8  DAD:9       UNITED STATES MAGISTRATE JUDGE

john1568.157

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

6