IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WAYNE JOHNSON,<br><br>　　　　　　Petitioner,<br><br>　　vs.<br><br>SWARTHOUT, Warden, California State Prison, Solano,<br><br>　　　　　　Respondent. | No. 2:10-cv-01568-JKS<br><br>MEMORANDUM DECISION |

　　　　David Wayne Johnson, a state prisoner appearing *pro se,* filed a Petition for Habeas Corpus under 28 U.S.C. § 2254.  Johnson is currently in the custody of the California Department of Corrections and Rehabilitation, incarcerated at the California State Prison, Solano. Respondent has answered, and Johnson has replied.

I.  BACKGROUND/PRIOR PROCEEDINGS

　　　　In February 1983 following his conviction by a Riverside County Superior Court jury of Murder in the First-Degree under California Penal Code § 187, Johnson was sentenced to an indeterminate prison term of twenty-seven years to life.  Johnson does not challenge his conviction or sentence in these proceedings.

　　　　In January 2008, Johnson was charged in a Rules Violation Report ("RVR") with a disciplinary violation for engaging in "conduct which could lead to violence."  According to the RVR, when Johnson asked a fellow inmate for some ice, Johnson was told to come back later. The two started arguing and Johnson pushed the other prisoner down onto the floor.  At

Johnson's disciplinary hearing, he was found guilty of the charge and assessed a loss of thirty days of good time credits. On administrative appeal Johnson's conviction was vacated, reissued, and the charge reheard. In April 2009, Johnson was once again found guilty of the disciplinary charge, but the RVR was dismissed, and Johnson's misconduct was instead reported in an administrative counseling chrono with no loss of credits. Johnson challenged the disciplinary decision in a state habeas proceeding in the Solano County Superior Court, which denied his petition in an unreported, reasoned decision. The California Court of Appeal, First Appellate District, summarily denied his subsequent petition for relief without opinion or citation to authority, and the California Supreme Court did likewise on May 20, 2010. Johnson timely filed his Petition in this Court on May 20, 2010.

## II.  GROUNDS RAISED/DEFENSES

In his Amended Petition Johnson raises three grounds: (1) that he was denied a non-biased, impartial hearing; (2) the disciplinary finding of guilt was unsupported by any reliable evidence; and (3) the refusal of the California Department of Corrections and Rehabilitation ("CDCR") to remove the RVR and related documentation violates his procedural due process rights. Respondent contends that this Court lacks jurisdiction. Respondent does not raise any other affirmative defense.[1]

## III.  STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), this Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the

---

[1] Rules Governing Section 2254 Cases in the U.S. Dist. Courts, Rule 5(b) (2011).

Supreme Court of the United States" at the time the state court renders its decision or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[2] The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision."[3] The holding must also be intended to be binding upon the states; that is, the decision must be based upon constitutional grounds, not on the supervisory power of the Supreme Court over federal courts.[4] Thus, where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'"[5] When a claim falls under the "unreasonable application" prong, a state court's application of Supreme Court precedent must be "objectively unreasonable," not just "incorrect or erroneous."[6] The Supreme Court has made clear that the objectively unreasonable standard is "a substantially higher threshold" than simply believing that the state-court determination was incorrect.[7] "[A]bsent a specific constitutional

---

[2] 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 402-06 (2000); *see also Lockyer v. Andrade,* 538 U.S. 63, 70-75 (2003) (explaining this standard).

[3] *Williams*, 529 U.S. at 412 (alteration added).

[4] *Early v. Packer*, 537 U.S. 3, 10 (2002).

[5] *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (alterations in original) (citation omitted); *see also Wright v. Van Patten*, 552 U.S. 120, 126 (2008) (per curiam); *Kessee v. Mendoza-Powers*, 574 F.3d 675, 678-79 (9th Cir. 2009); *Moses v. Payne*, 555 F.3d 742, 753-54 (9th Cir. 2009) (explaining the difference between principles enunciated by the Supreme Court that are directly applicable to the case and principles that must be modified in order to be applied to the case; the former are clearly established precedent for purposes of § 2254(d)(1), the latter are not).

[6] *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003) (internal quotation marks and citations omitted).

[7] *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams,* 529 U.S. at 410).

violation, federal habeas corpus review of trial error is limited to whether the error 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'"[8] In a federal habeas proceeding, the standard under which this Court must assess the prejudicial impact of constitutional error in a state court criminal trial is whether the error had a substantial and injurious effect or influence in determining the outcome.[9] Because state court judgments of conviction and sentence carry a presumption of finality and legality, the petitioner has the burden of showing by a preponderance of the evidence that he or she merits habeas relief.[10]

> The Supreme Court recently underscored the magnitude of the deference required:
>
> As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. *Cf. Felker v. Turpin,* 518 U.S. 651, 664, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996) (discussing AEDPA's "modified res judicata rule" under § 2244). *It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther.* Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal. *Jackson v. Virginia,* 443 U.S. 307, 332, n.5, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (Stevens, J., concurring in judgment). As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.[11]

---

[8] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 642, 643 (1974)).

[9] *Fry v. Pliler*, 551 U.S. 112, 121 (2007) (adopting the standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).

[10] *Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002) (citations omitted); *see Wood v. Bartholomew*, 516 U.S. 1, 8 (1995) (per curiam) (stating that a federal court cannot grant "habeas relief on the basis of little more than speculation with slight support").

[11] *Harrington v. Richter*, 131 S. Ct. 770, 786-87 (2011) (emphasis added).

In applying this standard, this Court reviews the "last reasoned decision" by the state court.[12] State appellate court decisions that summarily affirm a lower court's opinion without explanation are presumed to have adopted the reasoning of the lower court.[13] This Court gives the presumed decision of the state court the same AEDPA deference that it would give a reasoned decision of the state court.[14]

Under California's unique habeas procedure, a prisoner who is denied habeas relief in the superior court files a new original petition for relief in the court of appeal. If denied relief by the court of appeal, the defendant has the option of either filing a new original petition for habeas relief or a petition for review of the court of appeal's denial in the California Supreme Court.[15] This is considered as the functional equivalent of the appeal process.[16] Under AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption

---

[12] *Robinson v. Ignacio,* 360 F.3d 1044, 1055 (9th Cir. 2004) (citing *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002)); *cf. Ylst v. Nunemaker*, 501 U.S. 797, 804 (1991) (explaining "how federal courts in habeas proceedings are to determine whether an unexplained order . . . rests primarily on federal law," and noting that federal courts must start by examining "the last reasoned opinion on the claim . . . . ").

[13] *Ylst*, 501 U.S. at 802-03 ("Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground."); *cf. Richter*, 131 S. Ct. at 784 ("As every Court of Appeals to consider the issue has recognized, determining whether a states court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning.").

[14] *See Richter*, 131 S. Ct. at 784-85 (rejecting the argument that a summary disposition was not entitled to § 2254(d) deference).

[15] *See Carey v. Saffold*, 536 U.S. 214, 221-22 (2002) (citations omitted) (discussing California's "original writ" system).

[16] *See id.* at 222 ("Thus, typically a prisoner will seek habeas review in a lower court and later seek appellate review in a higher court . . . .").

by clear and convincing evidence.[17] This presumption applies to state-trial courts and appellate courts alike.[18]

## IV. DISCUSSION

Respondent contends that because the disciplinary action did not affect the fact or duration of Johnson's incarceration, there is no relief this Court may grant, or, alternatively, that the matter is moot and this Court lacks jurisdiction. The crux of the issue is what relief this Court may grant in this case. Contrary to Johnson's argument in his traverse, he has not been assessed with any loss of good time credits. Johnson at this point simply seeks to have the records expunged. The Court agrees with Respondent that granting that relief would not in itself directly affect the fact or duration of Johnson's confinement, "the traditional purpose of habeas corpus."[19] The fact that this Court may not be able to provide the traditional relief affecting the fact or duration of confinement does not necessarily render the case moot as long as the fact of conviction carries collateral consequences.[20] The Ninth Circuit has, however, held that the fact that a serious rules violation may affect classification, institutional and housing assignments, privileges, and delay or denial of parole is insufficient to justify applying the presumption of

---

[17] 28 U.S.C. § 2254(e)(1); *see also Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003) ("Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary . . . ." (citing 28 U.S.C. § 2254(e)(1))).

[18] *See Stevenson v. Lewis*, 384 F.3d 1069, 1072 (9th Cir. 2004) ("Stevenson does not address these factual findings, let alone challenge them with clear and convincing evidence. Accordingly, we presume them to be correct." (citing 28 U.S.C. § 2254(e)(1); *Pollard v. Galaza*, 290 F.3d 1030, 1035 (9th Cir. 2002))).

[19] *Preiser v. Rodriguez*, 411 U.S. 475, 494, 500 (1973).

[20] *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

collateral consequences to prison disciplinary proceedings.[21] This Court is bound by that decision.[22] The impact of the Ninth Circuit's decision is even greater in that the charge in this case, which was reduced to a "minor misconduct violation," is no longer a "serious rules violation." Because Johnson received only a counseling chrono for minor misconduct, he cannot proceed under § 2254.[23]

Even if this Court were to reach the merits, Johnson would not prevail. In denying Johnson relief, the Solano County Superior Court held:

> The issuance of a Custodial Counseling Chrono does not rise to the level of a "atypical, significant" deprivation of a protected liberty interest that would entitle him to some minimal procedural Due Process protections. (See, *Wolff v. McDonnell* (1974) 418 U.S. 539, 566-557 (*sic*.)) There is no loss of behavioral credit, no change in the conditions of confinement, or any other punitive consequence that might be considered to have infringed on a protected liberty interest. To the contrary, it is the type of action that "effectuates prison management and prisoner rehabilitative goals" and that "falls within the expected parameters of the sentence imposed by a court of law." (*Sandin v. Conner* (1995) 515 U.S. 472, 485.)
> No California statute or regulation establishes a right to some minimal procedural Due Process protections for the issuance of Custodial Counseling Chronos. Instead, the decision to document any minor misconduct is left to the discretion of prison staff without the need for a formal hearing or adjudication. (California Code of Regulations, Title 15, section 3312(a)(2).)[24]

This Court cannot say that the decision of the Solano County Superior Court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" in *Wolff* and *Conner* or "was based on an

---

[21] *Wilson v. Terhune*, 319 F.3d 477, 480-82 (9th Cir. 2003).

[22] *See Miller v. Gammie*, 335 F.3d 889, 899–900 (9th Cir. 2003) (en banc).

[23] *See Oberpriller v. Noll*, 419 Fed.Appx. 775 (9th Cir. 2011) ("The district court correctly concluded that Oberpriller could not proceed under § 2254 because he received only a 'counseling chrono' for minor misconduct.").

[24] Docket No. 21-4 at 3.

unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[25]  Johnson is not entitled to relief under any ground raised in his Petition.

## IV.  CONCLUSION AND ORDER

Because there is no effective relief that this Court may grant, the matter is moot and the Petition must be dismissed.[26]  Alternatively, in any event, Johnson is not entitled to relief under any ground in his Petition.

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DISMISSED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[27]  Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.[28]

The Clerk of the Court is to enter judgment accordingly.

Dated:  May 1, 2012.

                                              /s/ James K. Singleton, Jr.
                                              JAMES K. SINGLETON, JR.
                                              United States District Judge

---

[25] 28 U.S.C. § 2254(d).

[26] *North Carolina v. Rice*, 404 U.S. 244, 246 (1971).

[27] 28 U.S.C. § 2253(c); *Banks v. Dretke,* 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El*, 537 U.S. at 327)).

[28] *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.